UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMIN. BOARD, | ) | 1:15CV1606 |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Magistrate Judge Kenneth S. McHargh |
| v. | ) | |
| | ) | |
| JANKO NOVAK, | ) | |
| | ) | |
| Defendant | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, MAG. J.

The plaintiff National Credit Union Administration Board ("NCUA"), acting

in its capacity as liquidating agent for St. Paul Croatian Federal Credit Union ("St.

Paul"), filed a complaint against defendant Janko Novak ("Novak") for action on

accounts, unjust enrichment, breach of contract, foreclosure, and other equitable

relief.  (Doc. 1.)  Novak, at that point proceeding pro se, filed an answer to the

complaint, raising several affirmative defenses.  (Doc. 4.)  Novak subsequently

retained counsel (doc. 10), and filed an amended answer, and third-party complaint

(against Anthony Raguz).  (Doc. 12.)

Currently before the court is NCUA's motion to strike affirmative defenses.

(Doc. 14.)  Novak has filed an opposition (doc. 16), and NCUA has filed a reply in

support of its motion (doc. 17).

BACKGROUND

St. Paul Federal Credit Union was a federally chartered and insured credit union.  On April 24, 2010, the National Credit Union Administration Board placed St. Paul into conservatorship.  Then, on April 30, 2010, NCUA involuntarily liquidated St. Paul due to insolvency, and appointed itself Liquidating Agent, pursuant to 12 U.S.C. § 1787(a)(1)(A).  The Liquidating Agent, by operation of law, succeeded to all rights, titles, powers, and privileges of St. Paul, and title to its books, records, and assets, pursuant to 12 U.S.C. § 1787(b)(2)(A).

NCUA, as Liquidating Agent, filed the complaint against Novak on August 13, 2015.  Novak's amended answer asserted several affirmative defenses, including  (1) fraud, duress, threats and/or undue influence; (2) illegality; and, (3) failure of consideration.  (Doc. 12, at 2-3, ¶¶ 9-11; doc. 14, at 2.)

MOTION TO STRIKE

The plaintiff NCUA has filed a motion to strike certain of defendant's affirmative defenses.  (Doc. 14.)  The plaintiff contends that, because Novak failed to raise these "claims" against the Liquidating Agent, his failure to comply with the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") of 1989's administrative claims procedure deprives the court of subject matter jurisdiction over the affirmative defenses.  (Doc. 14, at 3-4.)  Thus, the defenses should be stricken as insufficient as a matter of law.  (Doc. 14, at 3.)

The decision whether to strike an affirmative defense is wholly discretionary. *Malibu Media, LLC v. Koh*, No. 13-10515, 2013 WL 5853480, at *1 (E.D. Mich. Oct. 30, 2013).  Civil Rule 12(f) permits the court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted."  *Cronovich v. Dunn*, 573 F.Supp. 1330, 1338 (E.D. Mich. 1983) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819 (6th Cir. 1953)).  Striking a portion of a pleading is a "drastic remedy," which is used sparingly.  *Dunbar & Sullivan Dredging Co. v. John R. Jurgensen Co.*, 44 F.R.D. 467, 472 (S.D. Ohio 1967), *aff'd*, 396 F.2d 152 (6th Cir. 1968); *Cronovich*, 573 F.Supp. at 1338.

In a motion to strike, the burden of proof is upon the movant.  *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctr.*, 2 F.Supp.2d 1028, 1033 (N.D. Ill. 1998); *In re EBP, Inc.*, 171 B.R. 601, 603 (Bankr. N.D. Ohio 1994).  The burden has been described as "formidable."  *Judicial Watch Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 264 (D. D.C. 2004).

The Sixth Circuit has ruled that:  "An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense."  *Chiancone v. City of Akron*, No. 5:11CV337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011) (quoting *Lawrence v. Chabot*, No. 05-1082, 2006 WL 1342316, at *12 (6th Cir. May 16, 2006) (citation omitted)).  However, a defense is insufficient if, as a matter of law, the defense cannot succeed

3

under any circumstances. *Chiancone*, 2011 WL 4436587, at *2 (citing *Brown & Williamson*, 201 F.2d at 822); *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F.Supp. 1448, 1450 (D. Kan. 1993).

The plaintiff notes that Congress enacted a comprehensive statutory scheme in FIRREA under which a Liquidating Agent is granted broad powers to manage, reorganize, and collect assets of a failed depository institution for the benefit of depositors. (Doc. 14, at 4, citing *In re Landmark Land Co.*, 973 F.2d 283, 289 (4th Cir. 1992).) FIRREA provides the claims procedures against receivers or liquidating agents under the statute. *Id.*, citing 12 U.S.C. § 1787 (NCUA claims).

The plaintiff asserts that the FIRREA provisions concerning NCUA claims have been found substantially identical with provisions governing claims against the Resolution Trust Corp. (12 U.S.C. § 1441a) and the FDIC (12 U.S.C. § 1821). (Doc. 14, at 5, citing *Estate of Underwood v. NCUA*, 665 A.2d 621, 627 n.9 (D.C. 1995).) *See generally In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724, 725 n.4 (B.A.P. 1st Cir. 1998) (per curiam) ("statute governing the NCUA claims process is in substance identical to that governing claims against the FDIC"). Thus, case law construing the claims provisions of the RTC or FDIC is applicable to NCUA cases as well.

This court has found that the administrative scheme, including the administrative claims process, enacted by Congress is far-reaching, as evidenced by its broad limitations on judicial review. *National Credit Union Admin. Bd. v. Lormet Cmty. Fed. Credit Union*, No. 1:10CV1964, 2010 WL 4806794, at *5 (N.D.

Ohio Nov. 18, 2010).  Judicial review is precluded not only for claims involving money damages, but also with respect to "any action seeking a determination of rights with respect to ... the assets."  *Lormet*, 2010 WL 4806794, at \*5.  "Thus, provided the 'claim' involves a determination of the rights with respect to the assets of the credit union, the claim must first be pursued administratively."  *Lormet*, 2010 WL 4806794, at \*5; *see also Tri-State Realty*, 838 F.Supp. at 1451 (same).

In *Tri-State Realty*, plaintiff Resolution Trust Corp. brought suit against the defendant for judgment on a promissory note.  The defendant raised affirmative defenses of failure of consideration, fraud, duress, and illegality.  *Tri-State Realty*, 838 F.Supp. at 1449.  The court rejected defendant's arguments that its affirmative defenses were not "claims" subject to the exhaustion requirements of FIRREA.  *Id.* at 1450-1451; *see generally Resolution Trust Corp. v. Schonacher*, 844 F.Supp. 689, 695 (D. Kan. 1994) (affirmative defenses sought determination of rights with respect to assets).

The court in *Tri-State Realty* found that the affirmative defenses raised by the defendants were subject to the exhaustion requirement.  The court pointed out that the relevant statute specifically provided that the court shall not have jurisdiction over "any action seeking a determination of rights with respect to" the assets of any institution for which the RTC had been appointed receiver, unless the administrative claims process had been exhausted.  *Tri-State Realty*, 838 F.Supp. at 1451; *see also United States v. Metz*, 791 F.Supp.2d 533, 538 (N.D. W.Va. 2011)

(NCUA, citing 12 U.S.C. § 1787(b)(13)(D)); *Lormet*, 2010 WL 4806794, at *3, *5 (discussing provisions of 12 U.S.C. § 1787(b)).

The court noted that the defendant's affirmative defenses, which sought to limit or defeat plaintiff's right to collection on the note, in essence sought a determination of rights with respect to the assets of the institution.  The court also pointed out that all of the affirmative defenses asserted "address [alleged] defects with the loan at its inception," and could have been affirmatively asserted as claims had the posture of the parties been reversed.  The court ruled that, "[b]ecause defendant failed to assert its claims attacking the validity of the note within the time constraints provided in FIRREA, the court [found] that its claims, now denominated as affirmative defenses, [were] barred."  *Tri-State Realty*, 838 F.Supp. at 1451.

In view of the above, the court must reject Novak's argument in support of his affirmative defenses that "Novak is not making a claim since a claim and a defense for purposes of this statute are different and there is no obligation to present a defense for adjudication to the National Credit Union Administration Board as called for [in] 12 USC § 1751 et seq."  (Doc. 16, at 2.)

The plaintiff NCUA is seeking to collect on a share-secured loan which Novak obtained through St. Paul.  (Doc. 1.)  The affirmative defenses he advances attack the validity of that loan.  The affirmative defenses allege defects with the loan at its inception, and could have been affirmatively asserted as claims.  (Doc. 12.)  There is no question that these defenses as asserted, if they survive, would require the court

to  determine rights with respect to the assets of St. Paul, for which the NCUA has

been appointed liquidator.

Therefore, because Novak did not exhaust NCUA's administrative claims

process, and the affirmative defenses seek a determination of rights with respect to

the assets of St. Paul, the court has no jurisdiction over the defenses, and the motion

to strike should be granted.  *Lormet*, 2010 WL 4806794, at *5; *Metz*, 791 F.Supp.2d

at 538; *Tri-State Realty*, 838 F.Supp. at 1451; 12 U.S.C. § 1787(b)(13)(D).


### A.  Notice

Novak also argues that he did not receive notice of the liquidation of St. Paul,

and the failure to provide such notice to him "is in and of itself enough to defeat

Plaintiff's motion."  At the same time, Novak appears to concede that the issues

raised in his affirmative defenses "would not be found reflected in the books of the

credit union nor was Mr. Novak a creditor, so there was no notice as required by 12

USC § 1787 ever mailed to Defendant-Third Party Plaintiff."  (Doc. 16, at 2.)

The plaintiff responds that the Liquidating Agent placed a notice for

claimants in The [Cleveland] Plain Dealer on May 10, 2010, June 9, 2010, and July

9, 2010, in accordance with 12 U.S.C. § 1787(b)(3)(B).  (Doc. 14, at 6; doc. 15, Hayes

aff.)  Novak asserts that he never saw it.  (Doc. 16, at 1.)  NCUA complied with its

statutory responsibilities by placing the notice(s) as required.  *See, e.g.*, *Tri-State*

*Realty*, 838 F.Supp. at 1452; 12 U.S.C. § 1787(b)(3)(B).  Whether Novak actually saw

the notice or not is immaterial.

Novak also contends plaintiff failed to mail him notice within the relevant time period, and "this failure to even attempt to notify Mr. Novak after he was identified as a victim of the Credit Union's officials and their co-conspirators" should defeat the motion to strike.  (Doc. 16, at 2.)

The statute requires mailing of notice "to any creditor shown on the credit union's books" at the creditor's last known address, or, "upon discovery of the name and address of a claimant not appearing on the credit union's books within 30 days after the discovery of such name and address."  12 U.S.C. § 1787(b)(3)(C). Novak concedes that he was not a creditor on the credit union's books.  Novak claims that the plaintiff must have discovered his name and address (as a "victim") during the criminal investigation in 2014, thus notice should have been provided to him at that time.  (Doc. 16, at 2.)

The plaintiff responds that the liquidating agent did not discover that Novak was a claimant until he filed his answer, with the affirmative defenses, on Nov. 20, 2015.  (Doc. 17, at 2-3; *see also* doc. 12, answer.)  In response, the plaintiff mailed the statutorily required notice to Novak on Dec. 17, 2015, asserting that the liquidating agent "discovered you may have a claim against the credit union."  (Doc. 17, at 3, and PX A.)  The mailed notice referred to the publication of the notice in The Plain Dealer, stating that claims were to be filed by August 8, 2010.  Novak was notified that his Proof of Claim Form, with documentation to show that he could not have filed a claim before the waiver date, was due by March 16, 2016.  (Doc. 17, PX A, at 1.)  Although the motion to strike was filed before the March 16 due date, the

8

plaintiff asserts that no response had been received as of the date of the reply (filed February 12) in support of the motion to strike.  (Doc. 17, at 4.)  In the month since the reply was filed, Novak has not come forward with any further information on this issue.

The motion to strike (doc. 14) is GRANTED.


IT IS SO ORDERED.

 /s/ Kenneth S. McHargh
United States Magistrate Judge